# IN THE COURT OF APPEALS OF IOWA

No. 17-0552
Filed June 21, 2017

IN THE INTEREST OF P.S. and L.S.,
Minor Children,

E.S., Father,
Appellant.

_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

A father appeals the termination of his parental rights to his two children. **AFFIRMED.**

Carrie K. Bryner, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

A father appeals the termination of his parental rights to his two children, P.S., born 2012, and L.S., born 2015. He challenges the sufficiency of the State's proof, as well as the finding termination was in the children's best interests. On our de novo review, we affirm. *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

The children were adjudicated in need of assistance in July 2015, due to ongoing substance abuse within the home.[1] L.S. was born just months earlier, testing positive for THC in her system. A hair stat test on P.S. was also positive for THC (ingestion). The father's drug test in June 2016 was negative, but the test conducted in December 2015 came back positive for cocaine. A second hair stat test on P.S. in April 2016 came back positive for amphetamines, cocaine, and THC.

The children were removed from the home on March 31, 2016, and remained out of the home at the time of the termination hearing. The Iowa Department of Human Services (DHS) offered the father services to address his substance abuse, as well as his mental health, issues, but he failed to participate in recommended evaluations or treatments for either problem.

The district court terminated the father's parental rights under Iowa Code section 232.116(1)(e) and (f) (2017) as it pertains to P.S. and (h) as it pertains to L.S. "[W]e may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will address paragraphs (f) and (h) as the father only takes issue with the nearly identical

---

[1] The mother consented to the termination of her parental rights and does not appeal.

language of the common element of each, which requires clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents. *See* Iowa Code § 232.116(1)(f)(4), (h)(4).

The district court found:

> [The father] has made no reasonable efforts to assume care of the children despite being given the opportunity to do so. From 9/14/16 to 3/14/17 he voluntarily chose not to see his children at all. Despite knowing that on 1/20/17 [the mother] had consented to the termination of her parental rights, he did not step up for his children. Instead he waited almost two months before asking to see them. There is no evidence that [the father] has suddenly had a credible epiphany that would lead this court to believe that additional time would result in new or different behavior such that his children would be safe in his care in the next few months. [The father] testified that he now knows he made a mistake by ignoring his children for months but, that aside, he has not met any other case plan expectations. He has not obtained a mental health evaluation. He has not completed substance abuse treatment. He has not drug tested.

When asked whether it was his plan to have the children back in his care, the father replied:

> As far as I knew, this whole court was to get the kids back to [the mother's] house and so that's why I kind of gave up. I was, like, I don't really know why I'm here. Correct, it was a mistake. I misinterpreted everything, and I realize that now.

But he also testified that he told the DHS in November 2016 that he was "done" with the whole process and the DHS could just keep his children. He added that the termination hearing—which occurred nearly one full year after the children were removed from the home—was "a wake-up call" to start to work on his issues such that the children could be safely returned to his care. This late epiphany was not found credible by the district court, and we agree.

The DHS case worker testified that the problems that existed when the children were removed continued to date. Although the father was continually offered services to remedy the issues present at removal and adjudication, the DHS

worker testified the father demonstrated no consistency after several assertions of his commitment to work towards reunification. We agree with the district court clear and convincing evidence supported the termination of the father's parental rights under Iowa Code section 232.116(1)(f) as to P.S. and (h) as to L.S.

The father next asserts it is not in the children's best interests to have his parental rights terminated. While the father is correct in noting the DHS worker did testify that the children were happy to see their father, she also testified, "[T]he most important thing is his relationship with the children. It's just not there." His visits with the children were inconsistent throughout the pendency of the case, and except for one visit just days before the termination hearing, the father had voluntarily absented himself from any visits with the children for six months. The district court in addressing the best-interests issue found, "[The father] has chosen not to make his children a priority in his life by establishing a relationship with them and making a home for them." It also found under Iowa Code section 232.116(3), "[T]he children's need to be together and have permanency outweighs any possible emotional trauma that may result from the severing of the parent-child bond." We affirm both findings and affirm the termination of the father's parental rights.

**AFFIRMED.**